CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
Judgment Creditor
Carver Federal Savings Bank

Judgment Debtor(s)(name and last known address)
Timothy William

T439 INCOME EXECUTION
INDEX NO. 55923/08

INCOME EXECUTION

THE PEOPLE OF THE STATE
OF NEW YORK

**TO THE ENFORCEMENT OFFICER, GREETING:** The Enforcement Officer is the Sheriff, Marshal of the City of New York or Constable of the town or Village authorized by law to enforce income execution. A judgment was entered in the within court in favor of the Judgment Creditor(s) and the particulars are as follows:

| CT. OF ORIGINAL ENTRY | ENTRY DATE | JDGMT AMT. | PRIN. BAL. | INTEREST DATE |
|---|---|---|---|---|
| Kings Civil Ct.; KINGS CO. | 08/26/2008 | $1323.10 | $1323.10 | 8/26/2008 |

This Execution is issued against **Timothy William** whose last known address is REDACTED oklyn NY 11212-8602 and whose social security number is [SSN redacted pursuant to NYS GBL 399-ddd] and who is receiving or will receive $354.00 or above for ............pay period from the Employer. Employer, herein, includes any payor of money to Judgment Debtor. The Employer's name and address is:

**Employer:** Caring Professionals Inc
**Payroll Address:** STE 309
1400 Avenue Z,
Brooklyn, NY 11235
718-333-1400

**New York Address:**
1400 Avenue Z, STE 309
Brooklyn, NY 11235
718-333-1400

You are directed to satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to CPLR § 5231. This income execution only applies if the judgment debtor resides and works within the State of New York. If your records reflect that the judgment debtor residence and/or work location are outside of New York State, this income execution should not be put into effect.

**Directions to Judgment Debtor:** *You are notified and commanded* within 20 days to start paying to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld, below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied, and if you fail to do so this Income Execution will be served upon the Employer by the Enforcement Officer.

**Directions to the Employer:** *You are commanded* to withhold and pay over to the Enforcement Officer serving a copy of this *Income Execution* on you: installments amounting to 10% (but no more than the Federal limits set forth in I. Limitations on the amount that can be withheld., below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to Judgment Debtor until the judgment with interest and the fees and expenses of this *Income Execution* are fully paid and satisfied.

**DATED:** January 4, 2021

☒ Stephen Einstein
☐ Joseph J. Cassotta
☐ Scott Morris
**Matter #: 74788**

☐ Anthony S. Poulin
☐ Evridike Kollis
☐ Stephanie R. Vetch

**Tromberg, Morris & Poulin, PLLC f/k/a Stephen Einstein & Associates, P.C.**
39 Broadway, Room 1250, New York, NY 10006

**IMPORTANT STATEMENT:** This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules §5231 and 15 United States Code §1671 et seq.

I. Limitations on the amount that can be withheld

A. An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B. If a judgment debtor's weekly disposable earnings are less than thirty (30) times the current federal minimum wage ($7.25 per hour or $217.50 per week), or NYS, NYC, Nassau, Suffolk or Westchester minimums (*See Table "A"*), no deduction can be made from the judgment debtor's earning under this income execution.

## ***SEE REVERSE SIDE AND SECOND SHEET***

E_IX-AII_D1

C. A judgment debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying thirty (30) times the greater of the current federal minimum wage ($7.25* per hour, or $217.50*), or NYS minimum (See Table "A"), under this income execution.

D. If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earnings under this income execution.

E. If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five (25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under the income execution. However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent (25%) of the judgment debtor's disposable earnings.

NOTE: Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.

II. Explanation of limitations

Definitions:

Disposable Earnings-Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.). Gross Income-Gross income is salary, wages or other income including any and all overtime earnings, commissions and income from trusts before any deductions are made from such income.

Illustrations regarding earnings:

| If disposable earnings is: | Amount to pay or deduct from earnings under this income execution is: |
| --- | --- |
| (a) less than 30 times the greater of the federal ($217.50*) or state minimum wage (See Table "A") or less. | No payment or deduction allowed. |
| (b) more than 30 time the greater of the federal ($217.50*) or state minimum wage (See Table "A") and less than 40 times the federal ($290.00*) or state minimum wage (See Table "A"). | The lesser of: The excess over 30 times the greater of the federal minimum wage ($217.50*) or the state minimum wage of (See Table "A") or state minimum wage (See Table "A") or disposable earnings, or 10% of gross income. |
| (c) 40 times the greater of the federal ($290.00*) or state minimum wage (See Table "A"). | The lesser of: 25% of disposable earnings or 10% of or more gross income. |

III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR §5231(i) and CPLR §5240. If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment. If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged:

CPLR §5230. Pursuant to subdivision, (I) of section fifty-two hundred five of this article, ($2,850.00) Two Thousand Eight Hundred Fifty Dollars of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in paragraph two of subdivision (l) of section fifty-two hundred five of this article, is exempt from execution and that the garnishee cannot levy upon or restrain ($2,850.00) Two Thousand Eight Hundred Fifty Dollars in such an account. An execution notice shall likewise state that pursuant to subdivision (I) of section fifty-two hundred twenty-two of this article, an execution shall not apply to an amount equal to or less than ninety percent of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in section six hundred fifty-two of the labor law as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

CPLR §5231(I) Modification. At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

CPLR §5240 Modification or protective order; supervision of enforcement. At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure including the use of income executions

* Based upon $7.25 federal minimum wage effective July 24, 2009.

## Return (for Sheriff's or Marshal's use only)

☐ Fully satisfied     20     ☐ Unsatisfied

☐ Partially satisfied     20 ,     $

☐ Because I was unable to find the Garnishee (the Employer) within my jurisdiction I returned this Income Execution to Judgment Creditor's Attorney on     20

Date and time received:           ☐ Marshall, City of ..................

                                        ☐ Sheriff, County of ..................

## TABLE "A"
### State Minimum Wage Schedule
### Effective 12/31/20
### (Use the "greater of" the Federal or applicable New York State Rate)

|  | Hourly Rate | 30x | 40x |
|---|---|---|---|
| Federal Minimum Wage | $ 7.25 | $217.50 | $290.00 |
| **New York State Minimum Wage Rates:** | | | |
| All Firms with Employees in NY City | $15.00 | $450.00 | $600.00 |
| Firms with employees in Nassau, Suffolk, Westchester Counties | $14.00 | $420.00 | $560.00 |
| Firms with employees-Remainder of State except NY City, Nassau, Suffolk and Westchester | $12.50 | $375.00 | $500.00 |
| **Fast Food Service Industry** firms and SUNY employees employed *outside* NYC | $14.50 | $435.00 | $580.00 |

Note:  A fast food service industry firm (or fast food establishment) is any business that meets the following criteria per the Department of Labor:

1. Primarily serves food or drinks, including coffee shops, juice bars, donut shops, and ice cream parlors; and
2. Offers limited service, where customers order and pay before eating, including restaurants with tables but without full table service, and places that only provide take-out service; and
3. Is part of a chain of 30 or more locations, including individually owned establishments associated with a brand that has 30 or more locations nationally.