CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS           Part: 34C

---

CARVER FEDERAL SAVINGS BANK.,

          Plaintiff,    Index No. CV-65923-08/KI

-against-    **Supplemental Affidavit in Support of Defendant's Order to Show Cause**

TIMOTHY WILLIAMS,
          Defendant.

---

I, TIMOTHY WILLIAMS, being duly sworn, hereby state:

**Facts**

1. I am the defendant named above.

2. I was never served in this action. Furthermore, I never opened the alleged credit account or used it to make purchases.

3. My first notice of this action was on or about January 11, 2021, when I received a notice of wage garnishment. See Notice of Wage Garnishment, attached hereto as **Exhibit A**.

4. When I first filed my Order to Show Cause (the "OSC"), I was unable to obtain and review the Affidavit of Service for Plaintiff's Summons and Complaint (the "Affidavit of Service"). Now that I have reviewed it, I am supplementing my OSC with this affidavit.

5. I categorically deny the allegation of service contained with the Affidavit of Service.

6. The Affidavit of Service states that the Summons and Complaint was served via substitute service upon "MR. WILLIAM, RELATIVE", on June 4, 2008, at 368 Grand Avenue, 1st Floor, Brooklyn, New York 11238. This is not accurate for the following reasons.

7. I have never lived at 368 Grand Avenue.

1

8. My arrest records shows that my address at the time of my arrest, conviction, and sentencing, was 501 Franklin Avenue, Brooklyn, NY 11238, not 368 Grand Avenue. See *Crims Appearance Menu Appearance History*, attached hereto as **Exhibit B**.

9. My last name is Williams, not William, and therefore I do not have any relatives by the name of Mr. William. Furthermore, no relative of mine has ever lived at 368 Grand Avenue, Brooklyn, NY.

10. I was incarcerated from on or about September 15, 2005, when I was arrested and sent to Rikers Island, through on or about September 14, 2009, when I finished my sentence and was released. See *Certificate of Disposition Indictment*, attached hereto as **Exhibit C**, and *Locator System Chronological History Display*, attached hereto as **Exhibit D**. After being arrested, I remained incarcerated on Rikers Island from the date I was arrested, September 15, 2005, through the date of my conviction, July 27, 2006, and the date of my sentencing, August 30, 2006, see **Ex. C**, until on or about October 3, 2016, when I was transferred to the Ulster Correctional Facility. See **Ex. D**.

11. I was incarcerated at the time the alleged service took place. *Id*. No attempt was ever made to serve me at my place of incarceration, as required by law.

12. For the foregoing reasons, Plaintiff has failed to establish personal jurisdiction and therefore the default judgment is a nullity and should be vacated.

13. In addition to Plaintiff's failure to properly serve me, I have never opened an account with Carver Federal Savings Bank. The evidence that Plaintiff has submitted in opposition to my OSC is plainly deficient: as demonstrated above, *supra*, ¶ 9, I was incarcerated on August 29, 2006, the date on which Plaintiff claims that the account at issue was opened. See Plaintiff's Exhibit E, "Deposit Account Signature Card" (the

"Card"). Needless to say, this would have been impossible due to my incarceration at that time. Furthermore, the Card includes a purported ID from Ohio, where I have never lived, which does not include a photo, and lists the wrong date of birth. The Card lists my birthday as REDACTED, when my actual birthday is REDACTED. See *Photo ID*, attached hereto as **Exhibit E**.

**This matter should be dismissed for lack of personal jurisdiction, or, alternatively, set down for traverse hearing under CPLR § 5015(a)(4)**

14. Upon motion under CPLR § 5015(a)(4), this Court must vacate a default judgment and dismiss the action when it finds that the defendant was not served as required by CPLR § 308. Steele v. Hempstead Pub Taxi, 305 A.D. 2d 401, 402 (2d Dept 2003).

15. **The court must determine the jurisdictional question under section 5015(a)(4) before examining the claim for vacatur section 5015(a)(1).** Citibank, N. A. v Keller, 133 AD2d 63, 64 [2nd Dept 1987]; Roberts v Anka, 45 AD3d 752, 753 [2d Dept 2007].

16. A motion for dismissal based on lack of personal jurisdiction may be made at any time. CPLR section 5015(a)(4). See also Moore v Hall, 41 Misc 3d 1214[A] [Sup Ct, Kings County 2013], citing David D. Siegel, Practice Commentaries, McKinney's Cons Laws, Book 7B, CPLR C5015:3, at 205-206.

17. That the plaintiff would be prejudiced due to the passage of time is not grounds to avoid dismissing the case. Ortiz v Malik, 35 AD3d 560, 560-561 [2nd Dept 2006] [rejecting plaintiff's bid to avoid dismissal by extending time to properly serve] ["While the statute of limitations expired ... this is not a factor which should inure to the benefit of the plaintiff"].

18. The affidavit of a process server may constitute prima facie evidence of proper service. Beneficial Homeowner Service Corp. v. Girault, 60 A.D.3d 984 (2d Dept 2009) (citations omitted). However, a "defendant's sworn denial of service renders the affidavit of service nonconclusive and shifts the burden of proof to plaintiff to substantiate the allegation of personal service therein. Under such circumstances, the affiant must be made available for cross-examination by the party denying receipt." Anton v. Amato, 101 A.D.2d 819, 820 (2d Dept 1984) (citations omitted). See also Kingsland Grp. v. Pose, 296 A.D.2d 440, 440-41 (2d Dept 2002) ("[S]ince there was a sworn denial of receipt of process, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing.").

19. The defendant's denial simply must raise an issue of fact that is not minimal. See Simmons First Natl. Bank v. Mandracchia, 248 A.D.2d 375, 376 (2d Dept 1998).

20. Where the plaintiff relies on a process server's description of the recipient, and the defendant testifies that no one exists matching that description, the plaintiff has not met its burden. See Donaruma v. D'Agostino, 227 A.D.2d 583, 584 (2d Dept 1996).

21. Where service of process was not legally effectuated, the court may not demand a meritorious defense, but "must vacate the judgment absolutely, and may not impose terms or conditions upon the vacatur." McMullen v. Arnone, 79 A.D.2d 496, 499 (2d Dept 1981) (citations omitted).

22. In light of my sworn denial of service (above), this matter should be dismissed, or alternatively, set for a traverse hearing.

**In the alternative, the judgment should be vacated under CPLR § 5015(a)(1)**

23. There is a "strong policy favoring a resolution of disputes on their merits." <u>Glass v Janbach Props., Inc.</u>, 73 AD2d 106, 110 [2nd Dept 1980].

24. To establish a claim under CPLR §5015 (a)(1) a party is "required to establish both a reasonable excuse for its default and a meritorious defense to the action." <u>Eugene Di Lorenzo, Inc. v A. C. Dutton Lbr. Co.</u>, 67 NY2d 138, 141 (1986).

25. In determining whether a reasonable excuse and meritorious defense exists, courts consider the specific details and supporting documents provided by the party requesting vacature. <u>Delta Diagnostic Radiology, P.C. v Liberty Mut. Ins. Co.</u>, 2010 NY Slip Op 50597[U] (App Term 2d Dept. 2010).

26. In <u>Delta Diagnostic</u>, the court granted vacature under CPLR §5015 (a)(1) and in doing so addressed the reasonable excuse prong by stating, "Defendant provided a reasonable excuse for its default…which sufficiently justified the default and included a detailed explanation of the oversight." <u>Id.</u>

27. Courts have found that law office failure meets the reasonable excuse prong. <u>Deutsche Bank Natl. Trust Co. v Luden</u>, 91 AD3d 701 (2d Dept 2012) (Attorney failed to file an Answer that had been signed by the Defendant).

28. The Second Department has elaborated on the reasonable excuse prong by stating, "whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" <u>Gately v Drummond</u>, 161 AD3d 947, 949 (2d Dept 2018).

29. I found out about this judgment less than one year ago.

30. I have a reasonable excuse for defaulting: I did not know about the case because I never received the Summons and Complaint.

31. I have meritorious defenses: I deny ever opening this account; I do not recognize this account; I was not properly served; I do not recognize the amount in controversy.

**Conclusion**

32. Defendant respectfully requests the court vacate the default judgment and dismiss the action due to lack of personal jurisdiction under CPLR § 5015(a)(4). In the alternative, the judgment should be vacated under CPLR § 5015(a)(1) due to reasonable excuse for its default and meritorious defense to the action.

Respectfully submitted,

_____

Timothy Williams, *pro se* Defendant
REDACTED
Brooklyn, NY 11212
(732) 527-5409

Sworn to before me in the County of Kings, State of New York,

this \_\_\_\_\_ day of March 2022.

_____
Notary Public

**EXHIBIT A**



**RONALD MOSES**
**BADGE NO. 10**
**MARSHAL**
CITY OF NEW YORK
111 JOHN STREET, SUITE 500
NEW YORK, NY 10038

Phone: (212) 349-4303
Fax:   (212) 349-4309

January 11, 2021

WILLIAM, TIMOTHY
REDACTED
BROOKLYN NY 11212 8602

JUDGMENT CREDITOR

CARVER FEDERAL SAVINGS BANK

VS

WILLIAM, TIMOTHY

JUDGMENT DEBTOR

*[handwritten margin notes: "Loss of wages/Job! Defamation! Invasion of privacy! Infliction of emotional distress!"]*

# NOTICE OF GARNISHMENT

Please take notice that a judgment has been entered against the above named judgment debtor. Pursuant to the **INCOME EXECUTION** delivered to me, you are required to make arrangements and have your first payment in my office within 20 days from the above date. Upon your default, a copy of this execution will be served upon any person (corporation, etc.) from whom you are receiving or will receive money and will result in additional costs to you.

*[handwritten margin notes: "Promberg 212-741-788 212-267-3550"]*

| | |
|---|---:|
| JUDGMENT | $1,323.10 |
| STATUTORY MARSHAL FEES | $0.00 |
| POUNDAGE | $140.29 |
| EXPENSE | $6.68 |
| INTEREST | $1,476.18 |
| TOTAL | $2,946.25 |

IN ADDITION, INTEREST FROM 01/11/21 will be calculated on a daily basis, if applicable pursuant to the attached execution. You will be notified of the final balance due when your payments approach completion.

ALL PAYMENTS SHOULD BE MARKED
WITH YOUR NAME AND THIS DOCKET NUMBER:

Q405623

and be made payable to:

**RONALD MOSES**
City Marshal - Badge No.10

**EXHIBIT B**

```
                                                              05/26/2016
COUNTY: KINGS              CRIMS APPEARANCE MENU                 G010
GENERATE A DEFENDANT HISTORY   APPEARANCE HISTORY
NAME: WILLIAMS,TIMOTHY                 DOCKET #: 2005KN059574
  CCN: 57641869 N     NYSID #: REDACTED  CASE #: 06893-2005
  DOB: REDACTED       DEF STATUS: VFO    ARREST #: K05671074
IN CARE OF:                              ARREST DATE: 09/15/2005
                                         ARREST & GOAL AGE: 0000295
  STREET: 501 FRANKLIN AVE     STANDARD & GOAL AGE:
  CITY: BROOKLYN               APT/FLR: 2        ZIP: 11238
  RACE: B   SEX: M             STATE: NY         FINISHED 08/31/2006
--------------------------------------------------------------------
08/30/2006 (SEN)  10   JDG:WALSH,J    RPTR:GAETA-MILELLA,D SEN
  SI SURCH:$250 OATC   CVAF:$20 OATC  DNAF:$50 OATC
07/27/2006 (TRA)  10   JDG:WALSH,J    RPTR:PUNTORNO,   NT  PG TOP
  RE

APPEARANCE OPTION:       1) ALL, 2) FINAL DISP,  PF11 TO VIEW  PF9 TO VIEW
3) APPELLATE, 4) KEY - ARRAIGN, DISP, SENT, RESENT  MOTIONS    CHARGES
COMMAND:        MESSAGE:
```

## EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK       NO FEE
KINGS COUNTY
320 JAY STREET
BROOKLYN, NY 11201

## CERTIFICATE OF DISPOSITION INDICTMENT

DATE: 05/26/2016                CERTIFICATE OF DISPOSITION NUMBER: 46175

PEOPLE OF THE STATE OF NEW YORK    CASE NUMBER:           06893-2005
                VS.                LOWER COURT NUMBER(S): 2005KN059574
                                   DATE OF ARREST:        09/15/2005
                                   ARREST #:              K05671074
                                   DATE OF BIRTH:         REDACTED
WILLIAMS, TIMOTHY                  DATE FILED:            10/05/2005
_____
         DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 07/27/2006 THE ABOVE NAMED DEFENDANT WAS
CONVICTED OF THE CRIME(S) BELOW BEFORE JUSTICE  WALSH, JOHN P THEN A
JUSTICE OF THIS COURT.

ATTEMPTED ROBBERY 3rd DEGREE PL  110-160.05 00 EF

THAT ON 08/30/2006, UPON THE AFORESAID CONVICTION BY PLEA  THE HONORABLE
WALSH, JOHN P  THEN A JUDGE OF THIS COURT, SENTENCED THE DEFENDANT
TO

ATTEMPTED ROBBERY 3rd DEGREE PL  110-160.05 00 EF
 IMPRISONMENT = 1 YEAR(S)  4 MONTH(S)   TO 4 YEAR(S)
 ORDER OF PROTECTION = 9 YEAR(S)


CVAF     = $20  (OTHER AGENCY TO COLLECT)
DNA      = $50  (OTHER AGENCY TO COLLECT)
SURCHARGE = $250 (OTHER AGENCY TO COLLECT)


IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 05/26/2016.

                                              _____
                                                       COURT CLERK

**EXHIBIT D**

```
03/08/22         SLOCO10              LOCATOR SYSTEM           *FPMS*          PAGE 001
                                   CHRONOLOGICAL HISTORY DISPLAY
                                         99 CENTRAL OFF
   DIN 06R4254       NYSID  REDACTED  FACILITY OFF COUNTS       LOCATION
   NAME WILLIAMS, TIMOTHY                          DOB REDACTED SEX M     E/R NB

   EFFECTIVE    DATE         SENDING        RECEIVING FAC/   TRANSACTION
     DATE      ENTERED       FACILITY      OUTCOUNT LOCATION     TYPE            CELL

    10/03/06   10/03/06                     ULSTER REC        NEW COMMIT       0C-01-30B
    10/12/06   10/12/06     ULSTER REC      GREENE            TRANSFER OUT     0C-01-30B
    10/12/06   10/12/06     ULSTER REC      GREENE            TRANSFER IN      0F-01-45B
    02/12/07   02/12/07     GREENE          GREEN SHU200      INTRANS SENT     SH-00-009
    02/12/07   02/12/07     GREENE          GREEN SHU200      INTRANS RECV     0S-B1-12T
    04/17/07   04/17/07     GREENE          LKVW SHU200       TRANSFER OUT     0S-B1-12T
    04/17/07   04/17/07     GREENE          ULSTER REC        INTRANS RECV     SH-0A-003
    04/18/07   04/18/07     ULSTER REC      LKVW SHU200       INTRANS SENT     SH-0A-003
    04/18/07   04/18/07     GREENE          LKVW SHU200       TRANSFER IN      0S-A1-18T
    01/17/08   01/17/08     LKVW SHU200     FIVE POINTS       TRANSFER OUT     0S-B2-44T
    01/17/08   01/17/08     LKVW SHU200     AUBURN DEPOT      INTRANS RECV     0D-08-25B
    01/18/08   01/18/08     AUBURN DEPOT    FIVE POINTS       INTRANS SENT     0D-08-25B
    01/18/08   01/18/08     LKVW SHU200     FIVE POINTS       TRANSFER IN      08-A1-04T
    09/14/09   09/14/09     FIVE POINTS                       DISCH M E        08-A1-12T
```

NOTE: THIS REPORT WAS RECONSTRUCTED USING HISTORICAL INMATE MOVEMENT DATA FROM COMPUTER RECORDS, AND IS ONLY AS ACCURATE AS IT WAS MAINTAINED BY THE FACILITY FOR THIS TIME PERIOD.

**EXHIBIT E**

